STATE  ex  rel.  COMMISSIONERS  OF  CUSTER
    COUNTY, Relators, *v.* THE  STATE  BOARD
        OF  EQUALIZATION, Respondent (Yel-
            lowstone County, Intervenor).

[Submitted June 15, 1896.  Decided June 22, 1896.]

Taxation—*Right of way through Indian reservation—Yellowstone County.*—By the act of congress of February 12, 1889, granting to the Bighorn Southern Railroad Company a right of way through the Crow Indian reservation, the land embraced within such right of way was thereby segregated and thrown open to settlement within the meaning of the act of March 5, 1885 (Laws Mont.) declaring that all of a defined portion of such reservation that may hereafter be segregated and thrown open for settlement shall form part of Yellowstone county, and therefore so much of said right of way as is embraced within such defined portions of the reservation is properly taxable in Yellowstone county.

*Appeal from Seventh Judicial District, Custer County.*

APPLICATION for writ of *mandamus.* The writ was denied by MILBURN, J. Affirmed.

*Charles H. Loud* and *Strevell & Porter,* for Appellant.

*R. T. Allen* and *E. N. Harwood,* for Intervenor.

PEMBERTON, C. J.—This is an application for a writ of *mandamus* to require the state board of equalization to apportion 47.09 miles of the Bighorn Southern railroad to the County of Custer for the purposes of taxation, which said portion of the road was heretofore apportioned to the county of Yellowstone by the state board of equalization. Upon relator's filing its application with the district court an alternative writ of mandate was issued. The state board of equalization made its return, and, after denying the allegations in relator's application, alleges that by the terms of an act of the legislature of Montana amending an act creating the county of Yellowstone, approved March 5, 1885, it was declared that all that portion of the Crow Indian reservation lying between the Wyoming line and the·Yellowstone river and west of the Bighorn river in Montana territory that may hereafter be segregated and thrown open for settlement shall form a part of Yellowstone county. After the return of the state board of equalization was made, Yellowstone county filed its petition of intervention in the case, claiming that the portion of the railroad in dispute was properly apportioned to Yellowstone county for taxation purposes by the state board of equalization. Upon a final hearing of the case the court dismissed the application of the relator, and rendered judgment against it for costs. From this judgment the relator appeals.

By an act of congress approved February 12, 1889, the right of way through the Crow reservation was granted to the Bighorn Southern Railroad company. This act was amended by an act approved March 1, 1893. By the act of the legislature set out in the answer of the state board of equalization that portion of the railroad in controversy became a part of

Yellowstone county, for the reason that it is a part of the Crow reservation which was segregated by the act of congress above referred to, and thrown open to settlement after the passage of the act of the legislature of Montana on March 5, 1885.

It seems from the record that there are something over 100 miles of the Bighorn Southern railroad in the Crow reservation, that part in dispute being west of the Bighorn river. The state board of equalization apportioned all that part of the road east of the Bighorn river to Custer county, and that part in dispute, which lies west of the Bighorn river, to Yellowstone county, under the authority of the act of the legislature of Montana of March 5, 1885, above referred to, which provided that all that part of the Crow reservation lying west of the Bighorn river which should be segregated and thrown open to settlement after the passage of said act should be a part of Yellowstone county.

The relator contends that, while the part of the railroad's right of way was segregated by the act of congress above cited, still that it was not thrown open to settlement in contemplation of law, and for that reason did not become part of Yellowstone county, and could not be properly apportioned to Yellowstone county for the purposes of taxation.

We think the right of way of said road was thrown open for the purposes of settlement by the act of congress above referred to. It ceased to be a part of the Indian reservation, and became occupied and subject to settlement for all the purposes of constructing and operating the railroad. We do not think that it was necessary that it should become subject to settlement under the pre-emption and homestead laws before it could be said for the purposes of this controversy to have been segregated and thrown open to settlement. *Commissioners of Yellowstone County* v. *Northern Pacific R. Co.*, 10 Mont. 414, is very similar to, and we think an authority in point in, the case at bar. In that case this court held that the right of way of the Northern Pacific Railroad company across the Indian reservation was taxable in Custer county, because

the right of way had been granted by congress prior to the act of the legislature of Montana approved March 5, 1885. Evidently, in that case, if the right of way had been acquired subsequent to March 5, 1885, the holding of the court would have been in favor of Yellowstone county. In the case at bar the right of way of the Bighorn Southern railroad was granted subsequent to the act of the legislature of Montana approved March 5, 1885, and consequently became a part of Yellowstone county, and as such was taxable therein.

We are of opinion that the state board of equalization properly apportioned that part of the railroad in dispute to Yellowstone county, and that there was no error in the lower court so holding. The judgment appealed from is affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.